UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                   :

EUSEBIO REYNOSO,                           :

                                  Petitioner,   :        15-CV-3933 (JPO)
                         -v-                 :
                                                      :        <u>OPINION AND ORDER</u>

OSCAR AVILES, *et al.*,                :

                                 Respondents.  :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Petitioner, Eusebio Reynoso, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Reynoso, a lawful permanent resident of the United States, has been in immigration detention since June 2014, when he was arrested by Immigration and Customs Enforcement ("ICE") in connection with removal proceedings. ICE determined that Reynoso is subject to mandatory detention under § 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). Reynoso contends that he may be properly detained only under INA § 236(a), 8 U.S.C. § 1226(a), not under § 236(c), and is both statutorily and constitutionally entitled to a bond hearing before an immigration judge ("IJ"). For the reasons that follow, Reynoso's petition is granted.

    **I.**    **Background**

        **A.  Factual Background**

    Reynoso, a native of the Dominican Republic, has been a lawful permanent resident of the United States since January 1999. (Dkt No. 4 ("Petitioner's Memo"), at 4.) In March 2004, Reynoso was arrested and charged with several drug- and weapons-related offenses. (Dkt. No. 6, Ex. B at 4–5.) He was ultimately convicted of criminal possession in the fourth degree in New

York state court in October 2004, and sentenced to five years' probation in December of that year.  (*Id.* at 5.)

In March 2012, Reynoso was arrested and charged with four drug-related offenses.  (*Id.* at 3.)  He was convicted of criminal sale of a controlled substance in April 2012 and sentenced to five years' probation in May of the same year.  (*Id.* at 3.)  For neither conviction did Reynoso receive a sentence of incarceration.

ICE arrested and detained Reynoso on June 11, 2014.  (*Id.* Ex. D.)  The Notice to Appear ("NTA"), the charging document that initiates removal proceedings, alleges that Reynoso is removable under INA §§ 237(a)(2)(B)(i) and 237(a)(2)(A)(iii).  (*Id.* Ex. C.)  ICE also determined that Reynoso is subject to mandatory detention under INA § 236(c) and did not provide him with a bond hearing.  (*Id.* Ex. D.)  Reynoso's removal proceedings are ongoing.[1]  He remains in immigration detention.

### B. Procedural History

Reynoso filed this petition for a writ of habeas corpus on May 21, 2015.  (Dkt. No. 1.)  In an order dated May 29, 2015, the Court set an expedited briefing schedule, directing Reynoso to file a brief by June 5, the Government to file its opposition by June 19, and Reynoso to file a reply by June 26.[2]  (Dkt. No. 3.)

---

[1] An IJ ordered Reynoso removed to the Dominican Republic on September 23, 2014.  (*See* Dkt. No. 6, Ex. E, at 4.)  Reynoso then filed an appeal to the Board of Immigration Appeals ("BIA") on October 22, 2014.  (Dkt. No. 8, ¶ 12.)  The BIA initially dismissed Reynoso's appeal on January 9, 2015, but granted his motion for reconsideration and remanded the case to the IJ on April 6, 2015.  (*Id.* ¶¶ 14–16.)  Since then, Reynoso has filed an application for cancellation of removal.  (*Id.* ¶ 18.)  An individual hearing is scheduled for September 15, 2015.  (*Id.* ¶ 19.)

[2] Because the Court has reviewed the Government's papers and found nothing to persuade it that the petition is unmeritorious, the Court issues its decision without the benefit of Petitioner's reply.

II. **Discussion**

The mandatory detention statute, under which Reynoso was and continues to be detained, reads, in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence1 to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added).

Reynoso does not contest, for the purposes of this petition, that the crimes of which he was convicted are offenses for which an alien may properly be detained under the mandatory detention statute. But he argues that he is properly detained only under INA § 236(a), which entitles him to a bond hearing before an IJ, and not § 236(c).[3] He contends that his detention under § 236(c) is unlawful for three reasons. First, Reynoso argues that he does not come within the mandatory detention statute because he was not in post-conviction custody for either of his two convictions and was therefore not "released" in the relevant sense. (Petitioner's Memo, 7–10.) Second, Reynoso contends that § 236(c)'s requirement that the Government to detain an

---

[3] INA § 236(a), 8 U.S.C. 1226(a), states in relevant part: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole . . . ."

3

alien "when . . . released" means that the Government must detain the alien "on or about the time [he is] released." (*Id.* at 13.) Because the Government detained Reynoso approximately two years after his conviction in 2012, Reynoso argues, it failed to comply with the statute and cannot properly invoke it as a basis for his detention. (*Id.* at 2.) Third, Reynoso argues that his detention without a bond hearing—which has now exceeded a year—violates the Due Process Clause. (*Id.* at 23–25.) Reynoso therefore contends that he is constitutionally entitled to a bond hearing.

The Court need not decide the second and third issues, because it concludes that Reynoso succeeds on his first argument. Reynoso was not "released" from custody within the meaning of § 236(c) because he did not serve a post-conviction sentence of incarceration for either of his criminal convictions. The BIA, as the Government observes, interprets "release" in § 236(c) to include release from a pre-conviction arrest. (*See* Dkt. No. 7 ("Gov't Opp."), at 17 (citing *Matter of West*, 22 I. & N. Dec. 1405 (BIA 2000); *Matter of Kotliar*, 24 I. & N. Dec. 124 (BIA 2007)).) But the Court finds that interpretation unreasonable, for the reasons explained by Judge Engelmayer in *Straker v. Jones*, 986 F. Supp. 2d 345, 357–60 (S.D.N.Y. 2013). *See also Sutherland v. Shanahan*, __ F. Supp. 3d __, 2015 WL 3540870, at *11 (S.D.N.Y. June 5, 2015) ("All of the courts in this District that have addressed the meaning of the word 'release' in the INA's mandatory detention statute have held that only a post-conviction release from physical custody constitutes a 'release' for the purposes of 8 U.S.C. § 1226(c).").

The Court need not restate *Straker*'s reasoning here, but it is worth briefly responding to the criticisms of it the Government raises in its brief. The Government contends that "[c]ontrary to the reasoning in *Straker*, ICE's obligation to detain a criminal alien pursuant to § 236(c) does not arise until the latter of his conviction *or* his release from non-DHS custody." (Gov't Opp. at 19.) Accordingly, the Government argues, an alien who is arrested, released, and ultimately not

convicted will not fall within the scope of the mandatory detention statute.  But as *Straker* noted, § 236(c) states that an alien's detention becomes mandatory "*when* the alien is released." *Straker*, 986 F. Supp. 2d at 357 (internal quotation marks omitted).  In other words, the Government's obligation to detain the alien is triggered by the alien's "release," not by the alien's conviction.  Interpreting "release" in this context to include a pre-conviction arrest would mean that the Government has an obligation to detain an alien before the alien has been criminally convicted.  That interpretation is unreasonable, for the reasons set forth in *Straker*. 986 F. Supp. 2d at 357–60.

  The Government also argues that the interpretation of "released" adopted in *Straker* runs contrary to the purpose of the mandatory detention statute—"keep[ing] dangerous aliens off the streets"—because it draws unwarranted distinctions between aliens convicted of the same removable offense based on whether they receive a custodial or non-custodial sentence. (Gov't Opp. at 20 (quoting *Sylvain v. Attorney General of the United States*, 714 F.3d 150, 160 (3d Cir. 2013)).)  But that distinction is not necessarily arbitrary: it may reflect Congress's common-sense judgment that all individuals who commit the same removable offense are not equally dangerous, and that little is to be gained from detaining an alien who did not receive a sentence of incarceration—and who is therefore unlikely to be dangerous—pending his removal proceedings.

  The Court is persuaded that, on the issue of the meaning of "released" in § 236(c), the reasoning in *Straker* is correct.  Nothing in the Government's papers undermines that reasoning. Reynoso is therefore properly detained only under § 236(a), not § 236(c), and he is statutorily entitled to a bond hearing.

### III.     Conclusion

For the foregoing reasons, Reynoso's petition for a writ of habeas corpus is GRANTED. The Government shall either provide Reynoso with a bond hearing as required by INA § 236(a) by July 2, 2015, or release him from custody.

    SO ORDERED.

Dated: June 25, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge